**The People of the State of Illinois, Defendant in Error, v. Albert Barton, Plaintiff in Error.**

1. DRAM-SHOP ACT—*what evidence competent in prosecution for selling liquor without license.* Evidence which tends to establish proprietorship at the time of the sales proved is competent.

2. NEW TRIAL—*when newly discovered evidence does not justify.* Newly discovered evidence, hearsay or cumulative in character, will not warrant the granting of a new trial.

Prosecution for selling liquor without license. Appeal from the County Court of Lawrence county; the Hon. JASPER A. BENSON, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed March 4, 1909.

S. J. GEE and J. E. McGAUGHEY, for plaintiff in error.

THOMAS H. CUNNINGHAM, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a prosecution on an indictment, consisting of twenty counts, returned by the grand jury of Lawrence county, charging plaintiff in error with having sold intoxicating liquor without having a license. A trial was had in the County Court, by jury, resulting in a verdict of guilty on nine counts. A motion for

new trial was interposed and overruled. The court rendered judgment on the verdict and imposed a fine of $25 on each count, "in all $225 and costs."

Counsel for plaintiff in error contends that "there was no evidence introduced on the trial of this case to support the verdict rendered." A detailed discussion of the evidence, here, would be bootless. Our judgment, with respect to the state of the evidence, is that it conclusively proves the guilt of plaintiff in error to the full extent found by the jury.

During the progress of the trial the prosecution was allowed to prove, over the objection of plaintiff in error, that on September 7, 1906, plaintiff in error took out a retail liquor dealer's license from the United States Internal Revenue Collector of his district, and procured it to be dated so as to make it good from August 1, 1906. This was proved by the introduction of a duly certified transcript from the records of the Internal Revenue Collector's office. And the court also permitted the prosecution to prove, or at least offer evidence tending to prove, that in November, 1906, this same license was "on the wall" in the room where the liquor or a part of it was sold. There was no error in admitting this evidence. The sales were made in September, 1906, on the very premises specified in the license, of which plaintiff in error during all that time had possession or control. This evidence tended to prove that he was the proprietor of that branch of the business from which the liquor was sold.

Complaint is made of the action of the trial court in refusing to grant a new trial on the ground of newly discovered evidence. The alleged newly discovered evidence consisted of matter purely hearsay in every respect except as to one item of it, and that item was purely cumulative evidence and in no sense conclusive. The court did not err in denying the motion for new trial.

The judgment of the County Court is affirmed.

*Affirmed.*